23-720-cv
*In Re: Mylan N.V. Sec. Litig.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of April, two thousand twenty-four.

PRESENT:
>            BARRINGTON D. PARKER, JR.,
>            DENNY CHIN,
>            JOSEPH F. BIANCO,
>                 *Circuit Judges*.

_____

MENORAH MIVTACHIM INSURANCE LTD.,
MENORAH MIVTACHIM PENSIONS AND
GEMEL LTD., PHOENIX INSURANCE
COMPANY LTD., MEITAV DS PROVIDENT
FUNDS AND PENSION LTD.,

>            *Movants-Appellants*,

STEF VAN DUPPEN, individually and on behalf of
others similarly situated, LANDON W. PERDUE,
individually and on behalf of all others similarly
situated,

>            *Plaintiffs*,

>            v.                                                        23-720-cv

JOHN D. SHEEHAN,

>            *Defendant-Consolidated-*
>            *Defendant-Appellee*,

HEATHER BRESCH, ROBERT J. COURY, PAUL B. CAMPBELL, KENNETH S. PARKS, MYLAN N.V., MYLAN, INC.,

> *Consolidated-Defendants-Appellees*,

RAJIV MALIK, JAMES NESTA,

> *Defendants-Appellees.*

_____

FOR MOVANTS-APPELLANTS:

JEREMY A. LIEBERMAN, Pomerantz LLP (Kevin K. Russell, Goldstein, Russell & Woofter LLC, and Austin P. Van, Pomerantz LLP, *on the brief*) New York, New York.

FOR DEFENDANTS-APPELLEES:

DAVID R. MARRIOTT (Rory A. Leraris, *on the brief*), Cravath, Swaine & Moore LLP, New York, New York, *for* Mylan N.V., Mylan, Inc., Heather Bresch, Paul B. Campbell, Robert J. Coury, Rajiv Malik, Kenneth S. Parks, and John D. Sheehan.

Lenard Barrett Boss, Joseph P. Dever, Matthew L. Elkin, Cozen O'Connor P.C., New York, New York, *for* James Nesta.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on March 31, 2023, is **AFFIRMED.**

Movants-Appellants Menorah Mivtachim Insurance Ltd., Menorah Mivtachim Pensions and Gemel Ltd., Phoenix Insurance Company Ltd., and Meitav DS Provident Funds and Pension Ltd. ("Appellants") appeal from the district court's award of summary judgment in favor of Defendants-Appellees Mylan N.V., Mylan, Inc., Heather Bresch, Paul B. Campbell, Robert J. Coury, Rajiv Malik, James Nesta, Kenneth S. Parks, and John D. Sheehan (collectively, "Mylan")

2

on Appellants' securities fraud claims. Appellants allege that Mylan made certain materially misleading statements in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, by failing to disclose: (1) its alleged participation in antitrust conspiracies related to the marketing of EpiPen (the "EpiPen Antitrust Claims"); (2) its classification of EpiPen as an "N-Drug" subject to a lower rebate rate under the Medicaid Drug Rebate Program (the "MDRP Claims"); and (3) its alleged agreements with competitors to allocate markets and fix prices for certain generic drugs (the "Generic Drug Claims").[1] After class certification and discovery, Mylan moved for summary judgment on all claims, and Appellants cross-moved for partial summary judgment on certain elements of the MDRP Claims. The district court granted Mylan's motion in its entirety. On appeal, Appellants challenge the district court's ruling on the MDRP Claims and Generic Drug Claims.[2] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

We review the district court's grant of summary judgment *de novo*. *Dalberth v. Xerox Corp.*, 766 F.3d 172, 182 (2d Cir. 2014). In doing so, we "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Ne. Rsch., LLC v. One Shipwrecked Vessel*, 729 F.3d 197, 207 (2d Cir. 2013) (internal quotation marks and citation omitted).

---

[1] Appellants also assert control-person liability claims against various officers and former officers of Mylan under Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a).

[2] Appellants do not challenge the district court's grant of summary judgment on the EpiPen Antitrust Claims.

To prevail on a Section 10(b) and Rule 10b-5 claim, a plaintiff must prove: "(1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation." *GAMCO Invs., Inc. v. Vivendi Universal, S.A.*, 838 F.3d 214, 217 (2d Cir. 2016) (internal quotation marks and citation omitted).

With respect to the MDRP Claims, the district court granted summary judgment to Mylan after finding, *inter alia*, that Appellants had failed to proffer sufficient evidence to show scienter.[3] Scienter is "an independently dispositive ground[] for summary judgment." *Reiss v. Pan Am. World Airways, Inc.*, 711 F.2d 11, 14 (2d Cir. 1983). Appellants, however, do not challenge the district court's scienter rulings in their briefing on appeal; instead, they argue that these rulings do not apply to the alleged misstatements pressed before this Court. We disagree. The district court expressly considered each of the alleged misstatements underlying the MDRP Claims and concluded that Appellants failed to adduce sufficient evidence of scienter on any of them. Accordingly, by failing to adequately brief scienter, Appellants have waived any challenge to the district court's rulings on that issue. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Because scienter—an independent ground for the district court's decision on the MDRP Claims—remains unchallenged, we affirm the award of summary judgment on that basis. *See McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005).

As to the Generic Drug Claims, the district court granted summary judgment to Mylan after finding, *inter alia*, that Appellants had failed to demonstrate loss causation. "[T]o establish loss

---

[3] The district court additionally concluded that certain of the challenged statements underlying the MDRP Claims were not materially misleading.

causation, a plaintiff must [show] . . . that the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered, *i.e.*, that the misstatement or omission concealed something from the market that, when disclosed, negatively affected the value of the security." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 173 (2d Cir. 2005) (alterations adopted) (internal quotation marks and citation omitted). In doing so, a plaintiff must "disaggregate those losses caused by 'changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events,' from disclosures of the truth behind the alleged misstatements." *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 36 (2d Cir. 2009) (quoting *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 343 (2005)); *see also Lentell*, 396 F.3d at 177 (requiring a plaintiff to "allege (i) facts sufficient to support an inference that it was defendant's fraud—rather than other salient factors—that proximately caused plaintiff's loss; or (ii) facts sufficient to apportion the losses between the disclosed and concealed portions of the risk that ultimately destroyed an investment").

The district court concluded that Appellants failed to disaggregate the losses caused by Mylan's alleged agreements to allocate markets and fix prices of specific generic drugs from losses caused by negative news relating to Mylan, generic drugs, and antitrust generally. We agree. Although Appellants argue that a November 3, 2016 *Bloomberg* article reporting on an ongoing U.S. Department of Justice investigation into generic drug companies, including Mylan, disclosed Mylan's alleged anticompetitive conduct and caused investors' losses, Appellants concede that the existence of the federal investigation had been disclosed previously and that they "were unable to sufficiently disaggregate the effect of [the announcement of the investigation] from other confounding factors[.]" Appellants' Br. at 57 n.36. Although the *Bloomberg* article may have added new details about the investigation, overall, it was merely a "negative characterization of

5

already-public information" and could not support loss causation, even if a "generalized investor reaction of concern caus[ed] a temporary share price decline." *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 512–14 (2d Cir. 2010); *see also id.* at 514 ("Firms are not required by the securities laws to speculate about distant, ambiguous, and perhaps idiosyncratic reactions by the press . . . .").

We find the other events Appellants identify—a January 11, 2017 press conference at which then-president-elect Donald Trump called for changes to the drug industry's pricing practices; an October 31, 2017 proposed amended complaint filed by the attorneys general of multiple states in an antitrust lawsuit against generic drug companies, including Mylan; and a May 10, 2019 complaint filed by the state attorneys general initiating a second lawsuit against generic drug companies, including Mylan—also do not sufficiently support loss causation. The district court correctly recognized that these events revealed little, if any, new information about Mylan, and that "it was essential for [Appellants] to disaggregate new effects and the effects of a new characterization of already filed documents." *In re Mylan N.V. Sec. Litig.*, 666 F. Supp. 3d 266, 328 (S.D.N.Y. 2023). In short, we agree with the district court that Appellants have made "no showing of disaggregation" and that their failure to do so warrants summary judgment for Mylan on the Generic Drug Claims. *Id.* at 325.

*       *       *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6